LILLIAN E. REHEIS, PROSECUTOR, v. THE CITY OF NEWARK ET AL., DEFENDANTS.

Argued February 27, 1937—Decided March 6, 1937.

Before Justice PARKER, at chambers.

For the prosecutor, *Griffinger & Griffinger* (by *Simon J. Griffinger*).

For the defendants, *Frank A. Boettner* (by *Walter P. Reilly* and *Samuel Roessler*).

PARKER, J. The prosecutor attacks the granting by the city government of a permit to erect and operate a gasoline station on the southwest corner of Broadway and Elliot street in the Woodside district. There was a rule to show cause in this matter and depositions have been taken and exhibits

submitted. The permit was denied in the first instance by the building inspector, as it had to be because the district was zoned so as to exclude gasoline stations. The board of adjustment, on appeal, at first affirmed the denial by the building inspector, but later on concluded to grant a permit; and this action was sustained later by the city commission. A number of objections are made to the granting of the permit on this rule, in particular that the location is some eight hundred or one thousand feet from a school on Summer avenue, and that there are other public and semi-public buildings within a block or two, the proximity of which makes against the existence of a gasoline station at this place.

I have taken time to consider the matter and look with care into the facts, particularly as regards the situation of matters on the ground. Broadway at this point is essentially almost entirely a business street. It is the main highway between Newark and Belleville. It is lined with stores and business properties on both sides. There are, as claimed, several gasoline stations in the general neighborhood, but not in any excessive quantity considering the volume of traffic which is constantly passing. The general character of the residential properties on the side streets is not such as to indicate that a gasoline station on the corner of the main thoroughfare will be injurious. As to the danger to school children, it seems to be quite negligible.

In the case of *Essex Investment Co.* v. *Newark,* 14 *N. J. Mis. R.* 181, involving the refusal of the city authorities to grant an additional gasoline permit on Bergen street, the action of the municipality was sustained on the ground that the existing facilities were ample and that additions would depreciate property values. In that case the congestion of gasoline stations was considerably greater than in the present case. In the case now before me the city commission has taken the contrary view after a hearing very similar to that which was held in the Essex Investment Company case. I am unable on the evidence before me to say that they erred in their determination. In fact, I think that they did not.

The rule to show cause is discharged, with costs.